IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-51-TAV-DCP |
| ) | |
| MICHAEL KING and MISTY WOMBLES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Wombles's Motion to Continue Trial and Related Hearings and Deadlines [Doc. 28] and Defendant King's Motion to Continue Trial [Doc. 29], both filed on July 29, 2022.

In Defendant Wombles's motion [Doc. 28], she requests for the Court to continue the August 30, 2022, trial and all other relevant deadlines. She states her counsel was appointed on June 23, 2022, at her initial appearance, and her counsel has been actively engaged in plea negotiations with the Government and is optimistic that a potential agreement is forthcoming; however, counsel indicates she needs more time to adequately prepare this matter for trial if an agreement is not reached. While counsel has had adequate time to review discovery, there is still outstanding information that must be procured and reviewed to prepare her client's defense, specifically, information related to Defendant Wombles's sentencing on state drug convictions immediately prior to being brought into federal custody. The motion further relates that granting a trial continuance will serve the ends of justice in that the need for additional time to properly

prepare this case and continue negotiations outweighs the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Counsel has discussed the request for a continuance with Defendant Wombles, who waives all her speedy trial rights.

In Defendant King's motion [Doc. 29], he requests a continuance of the current trial date for similar reasons. Defendant King adds that his counsel needs more time to complete his investigation into the facts and circumstances of this matter to be able to fully advise him of the best possible resolution for his case. His counsel has also been engaged in negotiations with the Government towards a potential resolution of this matter, but counsel needs more time to gather documents and records that may further those negotiations. The right to a speedy trial has also been fully explained to Defendant King, who is in custody, and he understands that the period of time between the filing of the motion for a continuance and a rescheduled court date will be fully excludable for speedy trial purposes. Both motions indicate the Government does not object to the requests for a continuance. The parties have conferred with Chambers and agreed on a new trial date of February 14, 2023.

The Court finds Defendants' motions [Docs. 28 & 29] are unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motions, Defendants' counsel need additional time to complete their investigations into the facts and circumstances surrounding this matter, obtain and review documents and information necessary for preparing defenses, meet and confer with Defendants, engage in further plea negotiations with the Government, and otherwise prepare this matter for trial if plea negotiations prove unfruitful. Thus, the Court concludes that without a continuance, Defendants would not have the reasonable time necessary to prepare for trial, even

proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Wombles's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 28**] and Defendant King's Motion to Continue Trial [**Doc. 29**] are **GRANTED**. The trial of this case is reset to **February 14, 2023**. The Court finds that all the time between the filing of the motions on **July 29, 2022**, and the new trial date of **February 14, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Wombles's Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 28**] and Defendant King's Motion to Continue Trial [**Doc. 29**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **February 14, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motions on **July 29, 2022**, and the new trial date of **February 14, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **September 9, 2022**, and responses will be due **September 23, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 31, 2023, at 1:30 p.m.**;

(7) The deadline for filing motions *in limine* is **January 30, 2023**; and

3

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 3, 2023.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge